UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION                                            MDL No. 2036


TRANSFER ORDER


  **Before the entire Panel**[*]:  Plaintiff in one Southern District of Florida action (*Tornes*) has moved, pursuant to 28 U.S.C. § 1407, for centralization in the Southern District of Florida of three actions and any later-filed related actions for coordinated or consolidated pretrial proceedings.  Plaintiff in the District of New Jersey action supports the motion.  Defendants Wachovia Bank, N.A. (Wachovia) and Bank of America, N.A. (Bank of America) initially opposed centralization of actions involving different bank defendants in one MDL proceeding, but at the Panel's hearing session, Wachovia and Bank of America stated that they support the creation of one MDL docket encompassing all overdraft actions.  Wachovia supports centralization of all actions in the Southern District of Florida.  Bank of America prefers selection of the Western District of North Carolina, but alternatively supports selection of the Florida district as transferee forum.  Plaintiffs in two Northern District of California actions as well as the Citibank[1] defendants in one of these actions oppose centralization of all overdraft actions in one MDL proceeding; if the Panel deems centralization appropriate, opponents suggest the Northern District of California as transferee district.  Plaintiffs in several potential tag-along actions take a similar opposing position.

  This litigation presently consists of five actions listed on Schedule A and pending in three districts as follows: two actions each in the Northern District of California and the Southern District of Florida and one action in the District of New Jersey. [2]

———————————

 [*] Judge Heyburn took no part in the disposition of this matter.

 [1] Citigroup, Inc., Citibank, N.A., and Citibank F.S.B.

 [2] While not included in the initial Section 1407 motion, the two Northern District of California actions are included in our decision, because all parties to these actions have stated their position on the matter before us in writing and at oral argument.

 The Panel has been notified that seven potentially related actions are pending as follows: two actions in the Northern District of California and one action each in the District of Arizona, the District of Colorado, the Northern District of Georgia, the District of New Jersey and the District of Nevada.  These actions will be treated as a potential tag-along actions.  *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to the imposition of overdraft fees by various bank defendants on their customer's checking accounts in a manner to maximize these fees. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

Opponents of centralization of all overdraft actions in one MDL proceeding argue that unique questions of fact predominate in actions brought against different bank defendants over any common factual questions. While there will be some unique questions of fact from bank-to-bank, these actions share sufficient factual questions relating to industry-wide bank posting policies and procedures to warrant centralization of all actions in one MDL docket. Transfer to a single district under Section 1407 has the salutary effect of placing all related actions before one court which can formulate a pretrial program that: (1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and (2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The MDL No. 2036 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. Opponents' concerns regarding the manner and extent of coordination or consolidation of the pretrial proceedings can be presented to the transferee judge. The governing statute contemplates transfer for "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). Accordingly, we leave the extent of coordination or consolidation of these actions to the discretion of the transferee judge. *See In re The Bear Stearns Companies Inc. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation,* 572 F.Supp.2d 1377 (J.P.M.L. 2008); *In re Mutual Funds Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004); *In re Equity Funding Corp. of America Securities Litigation*, 375 F.Supp. 1378 (J.P.M.L. 1974).

We are persuaded that the Southern District of Florida is an appropriate transferee district for this litigation, because (1) two of the involved actions before the Panel are pending there, and (2) this district has the capacity to manage this MDL proceeding.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of Florida are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable James Lawrence King for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

_____
J. Frederick Motz
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman[*] | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |



Certified to be a true and correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By Gracie Gomez
Deputy Clerk
Date 06-16-09

**IN RE: CHECKING ACCOUNT**
**OVERDRAFT LITIGATION**                                               MDL No. 2036

## SCHEDULE A

<u>Northern District of California</u>

Celia Spears-Haymond v. Wachovia Corp., et al., C.A. No. 3:08-4610
Mike Amrhein v. Citibank, Inc., et al., C.A. No. 4:08-5101

<u>Southern District of Florida</u>

Melanie L. Garcia v. Wachovia Bank, N.A., C.A. No. 1:08-22463
Ralph Tornes v. Bank of America, N.A., C.A. No. 1:08-23323

<u>District of New Jersey</u>

Ryan Phillip Pena v. Wachovia Bank, N.A., C.A. No. 1:08-5263